```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SACHIN SHAH,

                         Plaintiff,                     Index No. 1:13-cv-02975-LGS-SN

    - against -

JUSTIN S. LUMIERE,                                CIVIL CASE
STEFAN LORCA DE ST PIERRE LUMIERE,      MANAGEMENT PLAN
LESTER L. LEVY, AND                        AND SCHEDULING ORDER
JON DOE(S),

                                                      ECF CASE

Defendants.

-------------------------------------------------------------------x

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.     Settlement discussions [have ___X___ / have not _____] taken place.

3.     The parties [have _____ / have not ___X___] conferred pursuant to Fed. R. Civ. P. 26(f).

4.     Alternative Dispute Resolution/Settlement

        a.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        Counsel have agreed to attempt early resolution of this dispute by continuing to engage in settlement discussions between counsel.  Counsel wish to engage in these discussions prior to filing responses to the Complaint, and respectfully request that the Court allow the parties until the latter of August 9, 2013, or the deadline file a response if not yet served, to file responses to the Complaint, so that counsel may proceed with settlement discussions within this time frame. Defendant Stefan Lorca De St. Pierre Lumiere ("S. Lumiere") time to respond to

      the Complaint has not begun to run because he has yet to be served with process in this action.

      b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      At this juncture, counsel wish to attempt resolution through discussions between counsel. If counsel mutually determine that an alternate means of ADR would be useful, they will advise the Court.

      c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

      Counsel wish to explore early resolution of this matter. However, they wish to use the time until August 9, 2013 to have settlement discussions amongst counsel. If they are unsuccessful but believe that another method of ADR might be useful, they will request it early in this matter.

      d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

      With the exception that counsel are respectfully requesting until the latter of August 9, 2013, or the deadline file a response if not yet served, to file responses to the Complaint, so that counsel may proceed with settlement discussions within this time frame.

5. No additional parties may be joined after <u>September 9, 2013</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>September 9, 2013</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>August 23, 2013 (14 days from the date that the responsive pleadings are due)</u>. [Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).]

8. Fact Discovery

      a.     All fact discovery shall be completed no later than November 1, 2013. If third-party electronic discovery proves burdensome, the parties may request an extension upon letter submission.

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>September 13, 2013</u>.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>September 13, 2013</u>.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>November 1, 2013</u>.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>November 1, 2013</u>.

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.    Expert Discovery [if applicable]

    a.    All expert discovery shall be completed no later than <u>December 16, 2013</u>. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 8(a) (e.g., the completion of all fact discovery).]

    b.    No later than 30 days prior to the date in paragraph 8(a) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10.    All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

11.    Motions for summary judgment, if any, shall be filed no later than <u>January 15, 2014</u>. [Absent exceptional circumstances, 30 days after discovery closes.] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule III.A.1, any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery.

12.    The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the schedule set forth in the Court's Individual Rule IV.B.

13.    This case shall be trial ready 60 days from the close of discovery or the Court's decision on any dispositive motion. The final pretrial conference will follow the

submission of material referenced in the preceding paragraph. The trial date will be set at the final pretrial conference and will be firm.

14. This case [is __X__ / is not _____ ] to be tried to a jury.

15. Counsel for the parties have conferred and their present best estimate of the length of trial is 5 days.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

Counsel may request expedited electronic discovery regarding the e-mails that are the subject of this action. These requests will include 3rd Parties, including Yahoo!, Inc., and Mr. Shah's prior employers, including Cuttone & Co., and Tullett Prebon. The parties expect there may be motion practice and/or delays associated with discovery from these third parties.

Counsel also note that there will likely be a need for e-discovery and e-discovery experts regarding ESI and meta-data associated with the e-mails and accounts used to send those e-mails.

S. Lumiere has objected to discovery proceeding during the pendency of any motion to dismiss the Complaint. Defendants Justin S. Lumiere and Lester L. Levy reserve their respective rights to request discovery be stayed during the pendency of any motion to dismiss the Complaint.

```
The Court's general practice is not to stay
discovery during the pendency of motions.  Discovery
dates will not be extended absent a showing of good
cause.
```

Counsel for the Parties:

| | |
|---|---|
| John A. Karol, Esq. | Michael Schwartzberg |
| Richard L. Rosen, Esq. | Steven E. Mellen |
| The Richard L. Rosen Law Firm, PLLC | Winget, Spadafora & Schwartzberg, LLP |
| 110 East 59th Street | 45 Broadway, 19th Floor |
| New York, New York 10022 | New York, NY 10006 |
| (212) 644-6644 | Tel: (212) 221-6900 |
| (212) 644-3344 (fax) | Fax: (212) 221-6989 |
| (Counsel for Plaintiff Shah) | (Counsel for Defendant Justin Lumiere) |

| | |
|---|---|
| Lawrence Eagel, Esq. | Robert Knuts, Esq. |
| Bragar Eagel & Squire, PC | Park & Jensen, L.L.P. |
| 885 Third Avenue, Suite 3040 | 630 Third Avenue |
| New York, NY 10022 | New York, NY 10017 |
| (212) 308-5858 | (646) 200-6330 |

(212) 504-3260                                             Fax: (646) 200-6331
(counsel for Defendant Lester Levy)                        (counsel for Defendant Stefan Lumiere)

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

Dated: July 2, 2013
      New York, New York

                                         LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE