# THE RICHARD L. ROSEN LAW FIRM, PLLC

ATTORNEYS AT LAW
110 East 59th Street
23rd Floor
New York, New York 10022
(212) 644-6644

———————

FACSIMILE (212) 644-3344

WWW.RICHARDROSENLAW.COM

RICHARD L ROSEN
LEONARD S. SALIS

———

JOHN A. KAROL□
LAUREN A. LAGRUA◊

□ MEMBER NY AND NJ BARS
◊ MEMBER NY AND VT BARS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/13

August 21, 2013

**VIA E-MAIL (Schofield_NYSDChambers@nysd.uscourts.gov)**
Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Sachin Shah v. Justin Lumiere et al.
      Letter Motion for Permission to Withdraw as Counsel and for 30-Day Extension
      USDC, SDNY, Index No. 1:13-cv-02975-LGS

Dear Judge Schofield:

We are counsel for Plaintiff Sachin Shah in the above-referenced action. Today, Plaintiff informed us by e-mail (attached as "Exhibit A" - in redacted form to protect attorney-client privileged communications) that Plaintiff was discharging our firm as counsel, and would be obtaining replacement counsel. Plaintiff further requested in this e-mail that we cease all work on this matter, and seek a 30-day adjournment of all deadlines to facilitate his transition to new counsel. *See* "Exhibit A." We, the Richard L. Rosen Law Firm, PLLC (hereinafter "Withdrawing Counsel"), therefore respectfully request the following:

(1)   That this letter be treated as a letter motion;[1]

(2)   That Withdrawing Counsel be granted leave to withdraw under Local Civil Rule 1.4 (Withdrawal or Displacement of Attorney of Record), pursuant to the New York Rules of Professional Conduct ("NYRPC") (codified at 22 NYCRR Part 1200 *et seq.*), at Rules 1.16(b)(3)(mandatory withdrawal when "the lawyer is discharged"), and 1.16(d) (permission of Court); and

---

[1]   We therefore respectfully request that all irregularities as to form be waived, and that this be treated as a formal motion. However, in the event that the Court wishes us to submit formal papers, we respectfully request that the Court so advise us, and we will, of course, comply.

THE RICHARD L. ROSEN LAW FIRM, PLLC
Page 2

(3)     That Plaintiff be granted his requested extension of 30 days for all deadlines in this case (*See* "Exhibit A"), under Individual Rules and Procedures, Rule I (B) (2), and under NYRPC Rule 1.16(e) (avoiding foreseeable prejudice to client, and allowing time for employment of other counsel).

A lawyer "must" seek withdrawal where a lawyer has been discharged under the New York Rules of Professional Conduct ("NYRPC") (codified at 22 NYCRR Part 1200 *et seq.*) Rule 1.16(b)(3)(mandatory withdrawal when "the lawyer is discharged"). Here, Withdrawing Counsel has been discharged (*See* "Exhibit A"). Withdrawing Counsel therefore seeks permission under Local Civil Rule 1.4 (and NYRPC Rule 1.16(d) (permission of Court)) for leave to withdraw. Withdrawing Counsel will not be asserting a retaining or charging lien. Withdrawing Counsel also respectfully submits that the procedural posture of the matter does not prohibit withdrawal. Here, we are seeking permission to withdraw early in this matter - after the filing of the Complaint and following the resolution of Plaintiff's motion for injunctive relief. Defendants have not yet submitted answering or responsive pleadings, and discovery has yet to commence. *See* Docket, *generally*. Withdrawing Counsel is serving this letter by mail and e-mail, upon Plaintiff, and will subsequently serve this letter by more formal means. In any event, Plaintiff has taken the initiative by terminating the relationship, and asking us to cease all work on his behalf, and therefore is well aware that he needs to obtain new counsel (See "Exhibit A").

Withdrawing Counsel also seeks an extension of all deadlines in this case for 30 days (or, in the alternative, an extension that the Court finds sufficient) to facilitate transition to new counsel, including the 120-day time period in which to serve Defendant Stefan Lumiere, should new counsel wish to do so (or take other action as it sees fit).[2] We believe that a 30 day extension will be sufficient to prevent any potential issues from arising from the transition to new counsel. *See HCC, Inc. v. R H & M Machine Co.*, 1998 U.S. Dist. LEXIS 10977 (S.D.N.Y. 1998) (withdrawal granted and defendant was granted 30 days to select successor counsel); NYRPC 1.16(e) (avoidance of prejudice). In addition, Withdrawing Counsel seeks any and all additional relief as may be just and appropriate under the circumstances.

Finally, although replacement counsel has not yet been selected by Plaintiff, Withdrawing Counsel will consent to any substitution of counsel, which would logically render portions of this application moot.

Respectfully Submitted,

John A. Karol [JK-9899]

---

[2]     To the extent necessary, Withdrawing Counsel submits that Stefan Lumiere will not be prejudiced by any extension of time in which to serve him, as he is already on "notice" of these claims. Indeed, his counsel has already appeared for oral arguments in this matter. Further, good cause is present here, as replacement counsel may not make the same strategic decisions as Withdrawing Counsel, and we respectfully submit that Plaintiff should be granted leave to be represented by counsel of his choice, and that counsel be given sufficient time to proceed in the manner that they see fit.

THE RICHARD L. ROSEN LAW FIRM, PLLC
Page 3


cc:    VIA E-MAIL (mailto:schwartzberg.m@wssllp.com)
        Michael Schwartzberg, Esq.
        Wignet, Spadafora & Schwartzberg, LLP
        45 Broadway, 19th Fl.
        New York, NY 10006-3007
        (counsel for Justin S. Lumiere)

        VIA E-MAIL (rknuts@parkjensen.com)
        Robert Norman Knuts, Esq.
        Park & Jensen, L.L.P.
        630 Third Avenue
        New York, NY 10017
        (646) 200-6330
        Fax: (646) 200-6331
        (counsel for Stefan Lumiere)

        VIA E-MAIL (Eagel@bespc.com)
        Lawrence Eagel, Esq.
        Bragar Eagel & Squire, PC
        885 Third Avenue, Suite 3040
        New York, NY  10022
        (212) 308-5858
        (212) 504-3260
        (counsel for Lester Levy)

        Sachin Shah (stockholmrunner2002@yahoo.com)
        (Plaintiff)



Mr. Karol's motion to withdraw is granted.  The Court will extend the deadline for fact discovery to December 1, 2013, and extend Mr. Shah's time to serve Stephan Lumiere to September 30, 2013 for good cause shown.  All other deadlines will remain in place.

August 22, 2013
New York, NY




**SO ORDERED**

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Exhibit A

## John A. Karol

**From:** Sachin Shah [stockholmrunner2002@yahoo.com]
**Sent:** Wednesday, August 21, 2013 5:09 PM
**To:** John A. Karol
**Subject:** Sachin's case - 8/21/13

Hi John, Good Afternoon.

I am obtaining substitute counsel to represent me in this matter. Please cease your representation of me, and cease performing services on my behalf. As discussed with you and Richard, I have decided to seek out other legal counsel into my case and will no longer need your services. I am also requesting your assistance to write to the court to ask for an extension on my behalf to allow enough time for my new legal counsel to review my case and proceed further.

hope that you can smoothly transition my case to my new legal counsel so they can effectively move my case forward on my behalf.
Again, I am requesting your assistance please to request the court for a 30 day extension from 8/30/13 to allow my new legal counsel enough time to review and proceed with the case.

Please suspend any work on my case from this point on.

Thanks! Sachin Shah

*Redacted, A/C Priv.*