Lawrence P. Eagel
Justin A. Kuehn
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bespc.com
kuehn@bespc.com

*Attorneys for Defendant Lester L. Levy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SACHIN SHAH,<br><br>                Plaintiff,<br><br>    -against-<br><br>JUSTIN S. LUMIERE, STEFAN LORCA DE ST PIERRE LUMIERE, LESTER L. LEVY, AND JON DOE(S),<br><br>                Defendants. | Case No. 1:13-cv-02975-LGS-SN |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LESTER L. LEVY'S**
**<u>MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS COMPLAINT</u>**

TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .............................................................................................................................3

ARGUMENT ...................................................................................................................................3

    I.   PLAINTIFF'S CLAIM FOR DEFAMATION IS BARRED BY THE STATUTE OF LIMITATIONS WITH RESPECT TO ALL STATEMENTS PUBLISHED OR UTTERED PRIOR TO MAY 2, 2013 ...................................................3

    II.  PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................................................................4

    III. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/BUSINESS RELATIONSHIP MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ...................................5

    IV. PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION MUST BE DISMISSED ..........................................................................................................6

        A.  Plaintiff Fails to State a Claim for Malicious Prosecution.......................................6

        B.  Plaintiff's Claim for Malicious Prosecution is Also Barred by the Statute of Limitations ................................................................................7

    V.  PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY/AIDING AND ABETTING SHOULD ALSO BE DISMISSED ....................................................8

CONCLUSION ................................................................................................................................9

TABLE OF AUTHORITIES

Cases:

*AIM Int'l Trading, L.L.C. v. Valucucine, S.p.A.*, 02 Civ.1363,
   2003 U.S. Dist. LEXIS 8594, at *17 (S.D.N.Y. May 21, 2003)..........................................4

*Black Radio Network, Inc. v. Nynex Corp.,* 96 Civ. 4138, 2000 U.S. Dist. LEXIS 594, at *13
   (S.D.N.Y. Jan. 25, 2000)....................................................................................................5

*Fedrizzi v. Washington Cent. School Dist.,* 204 A.D.2d 267 (2nd Dept. 1994)...............................3

*Gelbard v. Brodary*, 270 A.D.2d 866 (4th Dept. 2000).....................................................................3

*Hanly v. Powell Goldstein, L.L.P.*, 290 Fed. App'x 435 (2nd Cir. 2008) ................................3, 4, 6

*Hessel v. Goldman, Sachs & Co.*, 281 A.D.2d 247 (1st Dept. 2001) ...............................................7

*Jack L. Inselman & Co. v. FNB Fin. Co.*, 41 N.Y.2d 1078 (1977) ..................................................4

*Karam et al. v. First Am. Bank of N.Y.*, 190 A.D.2d 1017 (4th Dept. 1993) ....................................4

*Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329 (1987) .....................................................................5

*Teneriello v. Travelers Companies*, 226 A.D.2d 1137 (4th Dept. 1996)..........................................4

*Winner Int'l, Kryptonite Corp.*, 95 Civ. 247, 1996 U.S. Dist. LEXIS 2182, at *10
   (S.D.N.Y. Feb. 27, 1996)..................................................................................................5

Rules:

CPLR 215(3)...........................................................................................................................1,2,3,7

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................1

Federal Rule of Civil Procedure 65 .................................................................................................3

**PRELIMINARY STATEMENT**

Defendant Lester L. Levy ("Levy"), submits this memorandum of law in support of his motion, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, to partially dismiss plaintiff Sachin Shah's ("Plaintiff" or "Shah") Verified Complaint [Dkt No. 1] ("Complaint"). As explained below, Plaintiff's claim for defamation must be dismissed to the extent it is barred by the statute of limitations; and Plaintiff's claims for tortious interference with contract, tortious interference with prospective economic advantage/business relationship, and malicious prosecution must be dismissed in their entirety.

Plaintiff's claim for defamation must be dismissed with respect to all statements allegedly published or uttered prior to May 2, 2012.  Pursuant to CPLR 215(3), a claim for defamation must be commenced within one year from the date of publication or utterance.  A claim for defamation is not tolled because a plaintiff failed to discover the defamatory statement at the time it was uttered or published.  Plaintiff's claim for defamation with respect to any statement allegedly published or uttered made prior to May 2, 2012, must be dismissed as barred by the statute of limitations.

Plaintiff's claim for tortious interference with contract must be dismissed for failure to state a claim.  A claim for tortious interference with contract cannot be based upon the alleged breach of terminable at-will employment contract.  Yet this is precisely what the Complaint does. The Complaint alleges that Plaintiff's employment contracts – which under New York law are terminable at will – with Tullett Prebon Financial Services ("Tullett Prebon") and Cuttone & Co. ("Cuttone") were supposedly interfered with.  The Complaint does not allege that Plaintiff's employment contracts were not terminable at will.  Thus, Plaintiff's claim for tortious interference with contract fails.

Plaintiff's claim for tortious interference with prospective economic advantage/business relationship must also be dismissed for failure to state a claim. To state a claim for tortious interference with prospective economic advantage/business relationship a plaintiff must allege direct interference with specific existing business relationships. Here, the Complaint fails to allege either of these elements. The Complaint merely alleges that Plaintiff's unnamed "clients" were interfered because Plaintiff's at-will employment contracts with Tullett Prebon and Cuttone were allegedly interfered with. Thus, the alleged interfere is neither direct nor with a specific existing business relation.

Finally, Plaintiff's claim for malicious prosecution must be dismissed because it is barred by the statute of limitations and, to the extent it is not untimely, fails to state a claim. Under CPLR 215(3) a claim for malicious prosecution must be commenced within one year from the date the proceeding is terminated in plaintiff's favor. The Complaint is silent regarding the date any proceeding against Plaintiff (if any existed) was terminated in his favor. To the extent any proceeding was terminated in Plaintiff's favor prior to May 2, 2012, Plaintiff's claim for malicious prosecution is barred by the statute of limitations. If Plaintiff's claim for malicious prosecution is not barred by the statute of limitations it must be dismissed for failure to state a claim because the Complaint does not allege that an action was ever initiated against Plaintiff. Obviously, if the Complaint cannot allege that an action was initiated against Plaintiff, it cannot state a claim for malicious prosecution.[1]

---

[1] Plaintiff's claim for civil conspiracy and aiding and abetting, relying upon the same alleged facts as those in Plaintiff's first through fourth causes of action, must also be dismissed.

**BACKGROUND**

On or around May 2, 2013, Plaintiff filed the Complaint.  The Complaint asserts claims for defamation, tortious interference with contract, tortious interference with prospective economic advantage/business relationship, and malicious prosecution arising out of certain emails referred to in the Complaint.

After filing the Complaint, Plaintiff filed an order to show cause [Dkt. No. 2] seeking an order under Federal Rule of Civil Procedure 65 enjoining defendants from contacting Plaintiff's present, future, and certain past employers.  On or around, May 30, 2013, Plaintiff and Levy entered into a stipulation [Dkt. No. 14], so ordered by the Court on May 31, 2013, resolving the order to show cause as to Levy.  On or around June 17, 2013, the Plaintiff entered into an agreement [Dkt. No. 19] resolving the order to show cause as to defendant Justin Lumiere.

On July 2, 2013, the Court entered a civil case management plan and scheduling order [Dkt. No. 20], which set August 9, 2013, as the deadline for Levy to respond to the Complaint. The deadline to respond to the Complaint has since been extended to September 30, 2013.

**ARGUMENT**

**I. PLAINTIFF'S CLAIM FOR DEFAMATION IS BARRED BY THE STATUTE OF LIMITATIONS WITH RESPECT TO ALL STATEMENTS PUBLISHED OR UTTERED PRIOR TO MAY 2, 2013**

Under CPLR 215(3), a claim for defamation must be commenced within one year from the publication or utterance of the allegedly defamatory statement.  *See*, *e.g.*, *Hanly v. Powell Goldstein, L.L.P.*, 290 Fed. App'x. 435, 439 (2d Cir. 2008); *Gelbard v. Brodary*, 270 A.D.2d 866, 866 (4th Dept. 2000) ("A cause of action for defamation accrues on the date of the first publication…"); *Fedrizzi v. Washington Cent. School Dist.*, 204 A.D.2d 267 (2d Dept. 1994) (claim from defamation accrues upon communication of allegedly defamatory statement to a third party).

3

The one year limitation period applicable to a claim for defamation is not tolled because a plaintiff failed to discover a defamatory statement at the time it was published or uttered. *See Hanly* at 439 (One year defamation statute of limitation is not tolled even if "it would have been impossible for the plaintiff to discover the libel within the limitations period."); *see also Teneriello v. Travelers Companies*, 226 A.D.2d 1137, 1137 (4th Dept. 1996) ("Contrary to plaintiff's contention, the action accrued when the statements were originally published in 1991 … not upon plaintiff's discovery of the statements two years later."); *Karam v. First Am. Bank of N.Y.*, 190 A.D.2d 1017, 1018 (4th Dept. 1993) ("In an action for slander, the Statute of Limitations runs from the time of the utterance, not the discovery of the slanderous matter.").

Here, the Complaint was filed on May 2, 2013. Therefore, any claim for defamation based upon a publication or utterance made prior to May 2, 2012 is barred. In paragraph 259 of the Complaint, Plaintiff lists the allegedly defamatory statements comprising his claim. The first three statements listed by Plaintiff pre-date May 2, 2012. (See Complaint ¶259(a)-(c)) Plaintiff's claim for defamation with respect to these statements, and any other publication or utterance made prior to May 2, 2012, must be dismissed.

## II.    PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

To state a claim for tortious interference with contract it is essential that the complaint alleges a breach of the contract allegedly interfered with. *See.*, *e.g.*, *Jack L. Inselman & Co. v. FNB Fin. Co.*, 41 N.Y.2d 1078, 1080 (1977) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party…"). A contract terminable-at-will cannot be the basis for a tortious interference with contract claim. *See AIM Int'l Trading, L.L.C. v. Valucucine, S.p.A.*, 02-cv-1363, 2003 U.S. Dist. LEXIS 8594, at *17 (S.D.N.Y. May 22, 2003) ("[T]here can be no breach of contract, a

4

necessary element for tortious interference with contract, when the contract may be terminated at will."). Under New York law the default rule is that employment contracts are terminable at will. *See*, *e.g.*, *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333 (1987) ("[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party.").

Plaintiff has failed to allege a contract was breached. The Complaint bases its claim for tortious interference with contract on the supposed breach of Plaintiff's employment contracts with Tullett Prebon and Cuttone. (See Complaint ¶¶ 267-83) The Complaint fails to allege that either of the employment contracts were anything other than terminable at will. Thus, under the default rule that an employment contract is terminable at will, Plaintiff's claim for tortious interference with these contracts fails.

### III. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/BUSINESS RELATIONSHIP MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

To plead a claim for tortious interference with a prospective economic advantage or business relationship, a complaint must allege, among other things, direct interference with specific existing business relationships. *Black Radio Network, Inc. v. Nynex Corp.,* 96-cv-4138, 2000 U.S. Dist. LEXIS 594, at *13 (S.D.N.Y. Jan. 25, 2000) (A plaintiff must allege "direct interference" with a third party to state a claim for tortious interference with a prospective economic advantage or business relationship); *Winner Int'l, Kryptonite Corp.*, 95-cv-247, 1996 U.S. Dist. LEXIS 2182, at *10 (S.D.N.Y. Feb. 27, 1996) ("As [plaintiff] does not allege that [defendant's] conduct interfered with its business relationship with any specific third party, it cannot establish the elements necessary" for a claim for tortious interference with a prospective economic advantage or business relationship.).

The Complaint predicates its claim for tortious interference with prospective economic advantage/business relationship on supposed interference with Plaintiff's unnamed "clients" by interfering with Plaintiff's jobs at Tullett Prebon and Cuttone. (See Complaint ¶¶ 287-89)  These allegations fall short of stating either direct interference or interference with a specific business relationship.  Thus, Plaintiff's claims for tortious interference with a prospective economic advantage or business relationship should be dismissed for failure to state a claim.

In addition, to the extent the Complaint alleges that any relationship was "interfered" with through harm to reputation it should be dismissed because it is redundant to Plaintiff's claim for defamation.

## IV.   PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION MUST BE DISMISSED

### A.  Plaintiff Fails to State a Claim for Malicious Prosecution

Plaintiff's claim for malicious prosecution must be dismissed for failure to state a claim. To state a claim for malicious prosecution a plaintiff must allege (1) the initiation or continuation of legal action against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) absence of probable cause to commence the proceeding, and (4) actual malice. *See Hanly*, *supra,* 290 Fed. App'x at 439.  Where, as here, a plaintiff has failed to allege that a legal action was even initiated against him, a claim for malicious prosecutions fails.

The Complaint erroneously alleges that emails supposedly from "FINRA's Office of Fraud Detection" (Complaint Ex. F), represent the initiation of a legal action against Plaintiff. The emails fail on their face to establish that a FINRA action was ever commenced.  All the emails state is that FINRA was "reviewing the matter."  A review is not akin to the initiation of a legal action.  This is corroborated by Plaintiff's allegations (Complaint ¶300 & Ex. K) that he has a "clean" FINRA broker-check summary.  Plaintiff's FINRA broker-check summary on page 1

6

(Complaint Ex. K) defines a "Disclosure Event" as "certain criminal matters; regulatory actions; civil judicial proceedings; customer complaints, arbitrations, or civil litigations; employment terminations; and financial matters <u>in which the broker has been involved</u>" (emphasis added). Under "Disclosure Events" on page 1, the summary provides, "Are there events disclosed about this broker? **No**" (bold in original). Thus, Exhibit K to the Complaint shows Plaintiff was not "involved" in any legal or regulatory actions. Without (at a minimum) the initiation of an action, Plaintiff's claim for malicious prosecution fails.[2]

### B. Plaintiff's Claim for Malicious Prosecution is Also Barred by the Statute of Limitations

Under CPLR 215(3), a claim for malicious prosecution must be commenced within one year from the date the proceeding is terminated in plaintiff's favor. *See*, *e.g.*, *Hessel v. Goldman, Sachs & Co.*, 281 A.D.2d 247, 248 (1st Dept. 2001).

As explained above (see Point I, *supra*), claims in this action subject to a one year statute of limitation are barred to the extend they accrued prior to May 2, 2012. The Complaint is silent on the date any proceeding against Plaintiff (if any existed, see Point IVA, *supra*) was terminated in his favor. To the extent any proceeding was terminated in Plaintiff's favor prior to May 2, 2012, Plaintiff's claim for malicious prosecution is barred by the statute of limitations. As set forth above, to the extent Plaintiff cannot allege when or if proceeding was terminated in his favor, Plaintiff's claim for malicious prosecution must be dismissed for failure to state a claim.

---

[2] Plaintiff's speculation that a proceeding may have been initiated and terminated in his favor with the Massachusetts Attorney General (Complaint ¶301) is also insufficient to state a claim for malicious prosecution.

## V. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY/AIDING AND ABETTING SHOULD ALSO BE DISMISSED

Plaintiff's claim for civil conspiracy and aiding and abetting rely upon the same alleged facts as those in Plaintiff's first through fourth causes of action. (Complaint ¶¶ 311, 316)  For the reasons set forth above, since Plaintiff's underlying claims in those Counts should be dismissed in substantial part, Plaintiff's claims for civil conspiracy and aiding and abetting must also be dismissed.

## **CONCLUSION**

For the reasons set forth above, Levy's motion should be granted. Plaintiffs Second, Third and Fourth Causes of Action should be dismissed in their entirety, and Plaintiff's First Cause of Action should be dismissed with respect to any alleged defamatory statement made prior to May 2, 2012.

Dated: New York, New York
September 30, 2013

        BRAGAR EAGEL & SQUIRE, P.C.

        By: /s/ Lawrence P. Eagel
            Lawrence P. Eagel (LE 4505)
            Justin Kuehn (JK 5853)
        885 Third Avenue, Suite 3040
        New York, New York 10022
        Tel: (212) 308-5858
        Fax: (212) 486-0462
        eagel@bespc.com

        *Attorneys for Defendant Lester L. Levy*