# PARK & JENSEN LLP

630 THIRD AVENUE
SEVENTH FLOOR
NEW YORK, NEW YORK 10017

(646) 200-6300

WWW.PARKJENSEN.COM

ROBERT KNUTS
rknuts@parkjensen.com
DIRECT DIAL (646) 200-6330
TELECOPIER (646) 200-6331

October 1, 2013

**Via ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    Shah v. Lumiere, et al.; 13-cv-2975

Dear Judge Schofield:

This firm represents defendant Stefan Lumiere in the above-captioned action.  This letter responds to the letter motion filed by new counsel for plaintiff Sachin Shah ("Shah") on September 30, 2013 concerning Shah's requests for: (i) a further extension of the time to effect service of the summons and complaint; and (ii) an order allowing alternative service of the summons and complaint upon the undersigned counsel.  For the reasons described below, this Court should deny Shah's requests and dismiss the action against defendant Stefan Lumiere.

There has never been any good faith basis for the allegations set forth in Shah's complaint insofar as those allegations concern defendant Stefan Lumiere.  When new counsel for Shah appeared in this action, the undersigned counsel immediately contacted new counsel to warn new counsel regarding the absence of any good faith basis for the claims asserted against defendant Stefan Lumiere.  New counsel for Shah refused to return telephone messages left for new counsel to discuss that issue and, instead, immediately requested via email that counsel for defendant Stefan Lumiere accept service of the summons and complaint.  That email exchange occurred on September 10, 2013 -- three weeks ago.  New counsel for plaintiff did not attempt any further communications with undersigned counsel prior to the filing of yesterday's letter motion with the Court.

Shah's request for an additional extension of time to effect service of process on defendant Stefan Lumiere should be denied because Shah has failed to show good cause for the failure to effect service within the additional 30 day time period previously allowed by this Court.  In order to establish "good cause", a plaintiff must demonstrate "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187

PARK & JENSEN LLP

Honorable Lorna G. Schofield
United States District Judge
Page 2


F.R.D. 503, 505 (S.D.N.Y.1999); *see also  Spinale v. United States*, 03 Civ. 1704 (KMW) (JCF),
2005 WL 659150, *3 (S.D.N.Y.2005) ("In order to establish good cause for failure to effect
service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service
could not be made due to exceptional circumstances beyond his or her control").

        According to Shah's letter motion, an unidentified "service company" has informed new
counsel for Shah that defendant Stefan Lumiere "is not at the address stated in the Complaint and
that what addresses can be located . . . are decades old where he also cannot be found."
However, counsel fails to describe what efforts the "service company" took to find the "decades
old" addresses or whether the service company actually attempted service at those addresses.
Nor is there any explanation for why no serious efforts apparently were made to effect service of
the summons and complaint during the initial 120 day period mandated by Rule 4(m) of the
Federal Rules of Civil Procedure.

        Similarly, Shah has failed to demonstrate that it is somehow "impracticable" to effect
service of process upon defendant Stefan Lumiere by the normal methods of personal and
alternate service provided by the New York Civil Practice Law and Rules ("CPLR").  Cf.
*Astrologo v. Serra*, 240 A.D.2d 606, 659 N.Y.S.2d 481 (2d Dept. 1997) (alternative method of
service justified for defendant when evidence presented that defendant had left the U.S. to reside
in Italy; no showing of impracticability concerning other defendant).  Therefore, the Court
should not authorize service upon counsel pursuant to Section 308(5) of the CPLR.

        Plaintiff wrongfully included defendant Stefan Lumiere in an action that concerns
statements allegedly made by defendant Lester Levy.  Plaintiff then failed to effect service upon
defendant Stefan Lumiere either within the initial 120 day period or the additional 30 day period
granted by this Court in late August 2013.  This Court should determine that the vague excuses
offered by Shah are insufficient to extend further the deadline provided by the Federal Rules for
effecting service of process and the action against defendant Stefan Lumiere should be
dismissed.


                                        Respectfully submitted,

                                        /s/ Robert Knuts

                                        Robert Knuts

cc:     Philip A. Byler, Esq.
        Lawrence P. Eagel, Esq.
        Steven Mellen, Esq.
        (Via ECF and Email)