Lawrence P. Eagel
Justin A. Kuehn
BRAGAR EAGEL & SQUIRE, P.C.
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bespc.com
kuehn@bespc.com

*Attorneys for Defendant Lester L. Levy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SACHIN SHAH,<br><br>Plaintiff,<br><br>-against-<br><br>JUSTIN S. LUMIERE, STEFAN LORCA DE ST PIERRE LUMIERE, LESTER L. LEVY, AND JON DOE(S),<br>Defendants. | Case No. 1:13-cv-02975-LGS-SN |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LESTER L. LEVY'S MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ...........................................................................................................................2

I. PLAINTIFF'S CLAIM FOR DEFAMATION IS BARRED BY THE STATUTE OF LIMITATIONS WITH RESPECT TO ALL STATEMENTS PUBLISHED OR UTTERED PRIOR TO MAY 2, 2012 ..........................................2

II. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM..................................................................................................................2

III. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/BUSINESS RELATIONSHIP MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM..................................................................................................................3

IV. PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION MUST BE DISMISSED ..............................................................................................................4

V. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY/AIDING AND ABETTING SHOULD ALSO BE DISMISSED.......................................................6

CONCLUSION.........................................................................................................................7

## TABLE OF AUTHORITIES

Cases:

*Black Radio Network, Inc. v. Nynex Corp.*,
96-cv-4138, 2000 U.S. Dist. LEXIS 594 (S.D.N.Y. Jan. 25, 2000) ........................................4

*DiFolco v MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010)........................................................................................3

*Discover Group, Inc. v. Lexmark Intern., Inc.*,
333 F.Supp. 2d 78 (E.D.N.Y. 2004) ............................................................................3

*Dorsett-Felicelli, Inc. v. County of Clinton*,
1:04-CV-01141, 2011 WL 1097859 (N.D.N.Y. Mar. 22, 2011) .............................................3

*Finley v. Giacobbe*,
79 F.3d 1285, 1295 (2d Cir. 1996)..........................................................................2, 3

*Guelen v. Distinctive Pers., Inc.*,
11-CV-01204, 2011 WL 3420852 (E.D.N.Y. Aug. 4, 2011) .................................................2

*Ramsay v Mary Imogene Bassett Hosp.*,
113 A.D.2d 149 (3d Dep't 1985) ..................................................................................2

*Hanley v. Powell Goldstein, L.L.P.*,
290 Fed. App'x 435 (2nd Cir. 2008)..............................................................................5

*Hannex Corp. v. GMI, Inc.*,
140 F.3d 194 (2d Cir. 1998)........................................................................................4

*Lombard v. Booz-Allen & Hamilton, Inc.*,
280 F.3d 209 (2d Cir. 2002)........................................................................................4

*Lupski v. County of Nassau*,
32 A.D.3d 997 (2d Dep't 2006) ...................................................................................5

*NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*,
87 N.Y.2d 614 (1996) ...............................................................................................3

*Scutti Enterprises, LLC. v. Park Place Entertainment Corp.*,
322 F.3d 211 (2d Cir. 2003)........................................................................................3

*Winner Int'l v. Kryptonite Corp.*,
95-cv-247, 1996 U.S. Dist. LEXIS 2182 (S.D.N.Y. Feb. 27, 1996) .......................................4

## PRELIMINARY STATEMENT

Defendant Lester L. Levy, submits this reply memorandum of law in further support of his motion to partially dismiss the Complaint[1].

First, Plaintiff does not challenge that any pre-May 2, 2012 claim for defamation is barred by the statute of limitations. Instead, Plaintiff argues these untimely claims are "relevant" because they "were the means of 'tortious interference'…" (Pl. Opp. [Dkt No. 34] at p. 8) All Plaintiff accomplishes by this argument is to demonstrate that his tortious inference claims are merely relabeled defamation claims, and thus, are also barred by the statute of limitations to the extent they rely on untimely allegations of defamation. (Point I, *infra*)

Second, Plaintiff's opposition fails to explain how his contracts with Tullett and Cuttone were actually breached. (Pl. Opp. at pp. 9-10) As Levy explained in his opening memorandum of law (at p. 4), a breach is a necessary element of a claim for tortious interference with contract. Plaintiff's failure to plead breaches of his contracts with Tullet and Cuttone is fatal to his claim for tortious interference with contract. (Point II, *infra*)

Third, Plaintiff fails to plead either a specific business relationship interfered with or specific interference in support of his claim for tortious interference with prospective economic advantage/business relationship. None of the authority cited by Plaintiff relieves him of his obligation to plead these requirements of a claim for tortious interference with prospective economic advantage/business relationship. Therefore, this claim also fails. (Point III, *infra*)

Finally, Plaintiff does not, and cannot, allege that an action was ever initiated against him to support a claim for malicious prosecution. Plaintiff's opposition only serves to highlight the lack of any claim for malicious prosecution. (Point IV, *infra*)

[1] All definitions in this Reply Memorandum are the same as used in Levy's moving papers, unless otherwise noted.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR DEFAMATION IS BARRED BY THE STATUTE OF LIMITATIONS WITH RESPECT TO ALL STATEMENTS PUBLISHED OR UTTERED PRIOR TO MAY 2, 2012

Plaintiff does not dispute that his claim for defamation is barred as to any publication or utterance made prior to May 2, 2012. Instead, Plaintiff engages in a misguided discussion (Pl. Opp. at p. 8) of how his untimely defamation claims are "relevant" because they "were the means of 'tortious interference'…" Plaintiff, however, ignores that under New York law if a cause of action labeled as "tortious interference is in essence a claim for defamation, [he/she] 'may not circumvent the one-year limitation applicable to defamation by redescribing the tort as 'interference with contractual or economic relationships.'" *Guelen v. Distinctive Pers., Inc.*, 11-CV-01204, 2011 WL 3420852, at *4 (E.D.N.Y. Aug. 4, 2011) quoting *Ramsay v Mary Imogene Bassett Hosp.*, 113 A.D.2d 149, 151 (3d Dep't 1985).

Plaintiff's argument not only fails to save his claim for defamation regarding publications or utterances made prior to May 2, 2012, it demonstrates that his tortious inference claims are also barred to the extent they rely on these statements.

### II. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

As explained in Levy's moving memorandum of law (at p. 4), to state a claim for tortious interference with contract a complaint must allege a breach of the contract allegedly interfered with. In opposition Plaintiff provides no explanation of how Plaintiff's at will contracts with Tullett and Cuttone were breached. (Pl. Opp. at pp. 9-10)

To attempt to avoid dismissal of this claim, Plaintiff cites (Pl. Opp at. p. 9) *Finley v. Giacobbe*, 79 F.3d 1285, 1295 (2d Cir. 1996), which states generally, that in "certain limited situations" an at will employee may maintain an action for tortious interference with his/her

employment contract. Yet Plaintiff provides no explanation regarding what these "limited situations" are or how they might apply here. Even assuming *arguendo* that *Finley* applies[2] it does not save Plaintiff's claim for tortious interference with contract. It is well settled that to survive a motion to dismiss a claim for tortious interference with contract, "sufficient facts must be plead in the complaint to support the conclusion that the contract was actually breached, not only that damages have resulted due to a defendant's interference." *Dorsett-Felicelli, Inc. v. County of Clinton*, 1:04-CV-01141, 2011 WL 1097859, at *3 (N.D.N.Y. Mar. 22, 2011) citing *NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*, 87 N.Y.2d 614, 620–21 (1996).

Plaintiff has failed to plead a contract was breached. Thus, Plaintiff's claim for tortious interference with contract fails.

## III. PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/BUSINESS RELATIONSHIP MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

As explained by the Second Circuit in *DiFolco v MSNBC Cable L.L.C.*, 622 F.3d 104, 115 (2d Cir. 2010), failure to "describe any third party" interfered with is "fatal" to a claim for tortious interference with a prospective economic advantage/business relationship.

Plaintiff does not dispute that he has failed to specify even a single third party interfered with (Pl. Opp. at 10-11), and none of the authority he cites relieves him of his obligation to do so. For example, in *Scutti Enterprises, LLC. v. Park Place Entertainment Corp.*, 322 F.3d 211 (2d Cir. 2003) (Pl. Opp. at 11) the complaint alleged defendant interfered with plaintiff's

---

[2] *Compare with Dorsett-Felicelli, Inc. v. County of Clinton*, 1:04-CV-01141 LEK, 2011 WL 1097859, at *4 (N.D.N.Y. Mar. 22, 2011) ("The essential element of breach of contract is absent when a contract is terminable at will. The relationship between the parties of a contract terminable at will can be classified as one of prospective contractual relations; the interest one possesses under a contract terminable at will is merely an expectancy interest and therefore cannot be enforced." (citation omitted)); *Discover Group, Inc. v. Lexmark Intern., Inc.*, 333 F.Supp. 2d 78, 83-84 (E.D.N.Y. 2004) ("It is well-settled in New York that [a] contract terminable at will cannot be the basis for a tortious interference with contract claim because there can be no breach of contract, a necessary element for tortious interference with contract, when the contract may be terminated at will."(quotations omitted)).

business relationship with St. Regis Mohawk Tribe. Similarly, in *Hannex Corp. v. GMI, Inc.*, 140 F.3d 194 (2d Cir. 1998) (Pl. Opp. at 11) the complaint alleged defendants interfered with plaintiff's business relationship with Sea & Sea Products Ltd. Even in *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 211 (2d Cir. 2002) (Pl. Opp. at 11) – which affirmed dismissal of claim for tortious interference with prospective economic advantage – the complaint alleged defendant interfered with plaintiff's business relationship with the Administrator of the Economic Development of Puerto Rico, the President of the Puerto Rico Industrial Development Company, and the Government Development Bank of Puerto Rico.

Plaintiff's failure to specify a third-party interfered with is alone fatal to his claim for tortious interference with a prospective economic advantage/business relationship. However, Plaintiff also acknowledges (Pl. Opp. at 11) that his claim for tortious interference with a prospective economic advantage/business relationship is not based upon direct inference with his "clients." (Pl. Opp. at p. 10-11) As Levy set forth in his opening memorandum of law (at p. 5) to support a claim for tortious interference with a prospective economic advantage/business relationship a complaint must allege, among other things, direct interference with specific existing business relationships. *See, e,g., Black Radio Network, Inc. v. Nynex Corp.*, 96-cv-4138, 2000 U.S. Dist. LEXIS 594, at *13 (S.D.N.Y. Jan. 25, 2000); *Winner Int'l v. Kryptonite Corp.*, 95-cv-247, 1996 U.S. Dist. LEXIS 2182, at *10 (S.D.N.Y. Feb. 27, 1996).

Plaintiff's claims for tortious interference with a prospective economic advantage or business relationship should be dismissed for failure to state a claim.

## IV. PLAINTIFF'S CLAIM OF MALICIOUS PROSECUTION MUST BE DISMISSED

In opposition, Plaintiff fails to show a legal action was ever initiated against him. (Pl. Opp. at 12) Plaintiff, at best, argues that information about him was reported to FINRA and the

Massachusetts Attorney General. This is insufficient to state a claim for malicious prosecution. *See Hanley v. Powell Goldstein, L.L.P.*, 290 Fed. App'x 435, 439 (2nd Cir. 2008) (furnishing information to law enforcement does not constitute "initiation" of a legal action sufficient to support a claim for malicious prosecution); *Lupski v. County of Nassau*, 32 A.D.3d 997, 998 (2d Dep't 2006) (cited in *Hanley* at p. 439) ("The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition.")

Plaintiff's argument (Pl. Opp at pp. 12-13) concerning the application of the statute of limitation to his malicious prosecution claim demonstrates the purely speculative nature of this claim. Plaintiff first claims that the Massachusetts Attorney General Office "proceeding" is timely because "it is dated to November 2012." To support this argument Plaintiff cites to paragraphs 112-120 of the Complaint, yet this section of the Complaint only alleges that emails were sent to Tullett from Justin Lumiere in or around November 2012 claiming Plaintiff was under investigation by the Massachusetts Attorney General Office. Plaintiff also conveniently ignores that paragraph 115 of the Complaint alleges that the emails he now cites to support his malicious prosecution claim were false. In addition, paragraph 301 of the Complaint states, "to the extent that more proceedings were actually initiated, e.g. with the Massachusetts Attorney General's Office, and subsequently terminated in Plaintiff's favor, Plaintiff additionally brings this cause of action for those independent malicious prosecutions." Plainly, Plaintiff's contradictory and speculative allegations concerning the supposed Massachusetts Attorney General "proceeding" fail.

Similarly, in regard to the supposed FINRA "proceeding," Plaintiff argues (Pl. Opp. at pp. 12-13), "[t]he Complaint as to the FINRA proceeding does not specify precise dates because

they are not presently known and the circumstances are such that the statute of limitations should be equitably tolled." Thus, Plaintiff concedes that he lacks even the most basic knowledge of the supposed FINRA action commenced against him. As explained in detail in Levy's moving papers (at pp. 6-7) there is no serious evidence or allegations to support that a FINRA proceeding was ever commenced, much less terminated in Plaintiff's favor.

As explained in support of this motion (at p. 7), to the extent any proceeding was terminated in Plaintiff's favor prior to May 2, 2012, Plaintiff's claim for malicious prosecution is barred by the statute of limitations. To the extent Plaintiff cannot allege when or if a proceeding was terminated in his favor, Plaintiff's claim for malicious prosecution must be dismissed for failure to state a claim.

## V. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY/AIDING AND ABETTING SHOULD ALSO BE DISMISSED

To the extent Plaintiff's underlying claims fail his claims for civil conspiracy and aiding and abetting relying upon the same alleged facts also fail.

**CONCLUSION**

Levy's motion should be granted. Plaintiff's Second, Third and Fourth Causes of Action should be dismissed in their entirety, and Plaintiff's First Cause of Action should be dismissed with respect to any alleged defamatory statement made prior to May 2, 2012.

Dated: New York, New York
October 22, 2013

BRAGAR EAGEL & SQUIRE, P.C.

By: /s/ Lawrence P. Eagel___
Lawrence P. Eagel (LE 4505)
Justin Kuehn (JK 5853)
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bespc.com

*Attorneys for Defendant Lester L. Levy*