USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SACHIN SHAH,
                      Plaintiff,

        -against-

JUSTIN LUMIERE, *et al.*,
                      Defendants.

------------------------------------------------------------X

13 Civ. 2975 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Sachin Shah brings this action for defamation, tortious interference with contract, tortious interference with prospective economic advantage and/or business relations, and malicious prosecution.  Defendant Lester Levy brings this motion to dismiss as to part of the defamation claim and all other claims in their entirety.

## I. Plaintiff's Allegations

    Plaintiff Sachin Shah is a "Special Situations/Merger Arbitrage Strategist" who has worked at a number of financial institutions in that role.  Mr. Shah appears on a number of television networks to comment on mergers and acquisitions, and has developed relationships with clients whom he advises on trading strategies related to mergers and other "special situations."  Mr. Shah worked at ICAP, PLC ("ICAP") with Defendants Justin Lumiere and Lester Levy from 2007 through 2009 as a Sr. Special Situations and Merger Arbitrage Analyst.

    In February 2009, Mr. Shah alerted regulators at the SEC and FINRA that he believed Mr. Lumiere and Mr. Levy, along with Mr. Lumiere's brother Stephan Lumiere, had acted improperly.  After reporting his allegations, Mr. Shah left ICAP and found a new job at Capstone Global Markets in December 2009.  While at Capstone, Mr. Shah's employers received an

anonymous email that warned them Mr. Shah was being investigated by regulators, which Mr. Shah believes was sent by one of the Defendants.

In July 2011, Capstone closed its brokerage business, and Mr. Shah was forced to find new employment. Mr. Shah found new employment at Tullett Prebon in July 2011. Soon after starting at Tullett Prebon, one of the Defendants sent an email to Mr. Shah's new employers alleging that he had violated securities laws. One of the Defendants also sent an email to FINRA accusing him of improper conduct, even though the Defendants knew those allegations to be false. Tullett Prebon and FINRA both conducted investigations into Mr. Shah's conduct, and neither found any wrongdoing. In November 2012, Defendants sent emails to the Attorney General's office in Massachusetts. Defendants forwarded this email to Tullett Prebon, claiming that Mr. Shah was under investigation by the state of Massachusetts. Because of these allegations, Mr. Shah received no bonus in 2012 and was ultimately forced to leave Tullett Prebon. On March 21, 2013, Mr. Shah was hired at a firm named Cuttone & Co. Again, his new employer received a series of emails from the Defendants about Mr. Shah that contained untrue statements about his compliance with FINRA regulations. On April 10, 2013, Cuttone & Co. terminated Mr. Shah.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not

necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

### III.  Discussion

#### A.  Defamation

Defendant Levy seeks to dismiss Plaintiff's defamation claim as to all statements made before May 1, 2012, one year prior to the date of the Complaint. Plaintiff does not dispute that statements made prior to May 1, 2012 would be barred by the statute of limitations and merely points out that the allegations contained in the Complaint speak to other claims and may be relevant to state of mind and other evidentiary burdens. Plaintiff is correct that the pre-May 1, 2012, statements may be relevant to proving other claims or in order to help prove elements of the defamation claim, but the Court does not deal with evidentiary issues at this stage. The statute of limitations for defamation claims in New York is one year. N.Y. C.P.L.R. § 215(3). Any claim for damages based upon allegedly defamatory statements prior to May 1, 2012, is dismissed.

### B. Tortious Interference with Contract

The elements of a tortious interference claim under New York Law are: "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Finley v. Giacobbe,* 79 F.3d 1285, 1294 (2d Cir.1996). In an at-will relationship, the plaintiff has no enforceable right to future performance but does have a claim against a third party for tortuous interference that stems from a wrongful act. *See Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 194 (1980); *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001); *see also ING Global v. United Parcel Serv. Oasis Supply Corp.*, No. 11 Civ. 5697, 2012 WL 4840805, at *8 (S.D.N.Y. Sept. 25, 2012). "New York law recognizes that the at-will relationship entails certain limited rights . . . including the right to maintain an action for tortious interference in certain limited situations." *Finley*, 79 F.3d at 1295. One such limited situation is where the action is "seeking damages for interference when the alleged means employed by the one interfering were wrongful, as consisting of fraudulent representations." *Guard-Life Corp.*, 50 N.Y.2d at 194 . Plaintiff has alleged that Defendants sent emails containing false statements to his employers designed to cause his termination, and that he was terminated as a result of the emails. As such, Plaintiff has sufficiently alleged all elements of this claim for tortious interference with his employment contract.

### C. Tortious Interference with Prospective Business Relationships

The elements of a claim for tortious interference with a prospective business relationship are, "(1) the defendant's knowledge of a business relationship between the plaintiff and a third party; (2) the defendant's intentional interference with the relationship; (3) that the defendant acted by the use of wrongful means or with the sole purpose of malice; and (4) resulting injury to the business relationship." *534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick*, 90 A.D.3d 541,

542, 935 N.Y.S.2d 23, 24 (1st Dep't. 2011) (citing *NBT Bancorp v. Fleet/Norstar Fin. Group*, 664 N.E.2d 492 (N.Y. 1996)).  Plaintiff has not alleged interference with a specific business relationship, which is necessary to plead sufficient allegations under the first two elements of a claim for tortious interference with prospective business relationships.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 114-15 (2d Cir. 2010) (dismissing tortuous interference claim where complaint failed "to describe any third party with whom [plaintiff] had prospective business relations to be interfered with" and alleged interference with the plaintiff's business relationships in the news and entertainment industry.)

In order to maintain this claim, Plaintiff would have to allege that Mr. Levy interfered with specific relationships between Mr. Shah and his clients.  Plaintiff does not make such allegations, and instead alleges that Mr. Shah's relationships with his clients were damaged as a result of Mr. Levy's defamation and interference with his employment contracts at Tullett Prebon and Cuttone & Co.  Plaintiff's vague allegation that "Justin Lumiere and the other Defendants may have also been improperly contacting Mr. Shah's clients directly, and seeking to steal them away" is insufficient to state a claim for tortious interference with business relationships.  Accordingly, the claim is dismissed for failure to state a claim.

**D.  Malicious Prosecution**

"To state a claim for malicious prosecution, a plaintiff must prove (1) the initiation or continuation of legal action against him, (2) termination of the proceeding in his favor, (3) absence of probable cause to commence the proceeding, and (4) actual malice." *Rivera v. City of New York,* 40 A.D.3d 334, 337(1st Dep't 2007) (footnote omitted).  "Merely 'reporting a crime to law enforcement and giving testimony does not constitute the initiation of a criminal prosecution.'" *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 439 (2d Cir. 2008) (quoting *Rothstein v. Carriere,* 373 F.3d 275, 293 (2d Cir.2004)).  "In order for a civilian defendant to be

considered to have initiated the criminal proceeding, it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Lupski v. Cnty. of Nassau*, 32 A.D.3d 997, 998 (2d Dep't 2006) (internal quotation marks omitted). "The defendant must have affirmatively induced the officer to act, such as . . . showing active, officious and undue zeal, to the point where the officer is not acting of his own volition." *Id.* (internal quotation marks omitted).

Plaintiff alleges that Defendants made false allegations about him to FINRA regulators and potentially the Attorney General's office in Massachusetts. These allegations, without more, are insufficient to state a claim for malicious prosecution. Defendant Levy may have acted with malice, and may have reported allegations to FINRA investigators, but such actions, even if proven, do not suffice to state a claim for malicious prosecution.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's defamation claim based upon statements made prior to May 1, 2012, is granted. Plaintiff's defamation claim for statements made after May 1, 2012, remain. Defendant's motion to dismiss Plaintiff's tortious interference with contract claim is denied. Defendant's motion to dismiss Plaintiff's claims for tortious interference with prospective business relations and for malicious prosecution is granted.

Dated:  December 3, 2013
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE