UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SACHIN SHAH,<br><br>        Plaintiff,<br><br>  -against-<br><br>JUSTIN S. LUMIERE, STEFAN LORCA DE ST PIERRE LUMIERE, LESTER L. LEVY, AND JON DOE(S),<br>        Defendants. | Case No. 1:13-cv-02975-LGS-SN<br><br>**ANSWER** |

    Defendant Lester L. Levy ("Mr. Levy"), by and through his attorneys, Bragar Eagel & Squire, P.C., for his answer to the Verified Complaint ("Complaint") of Sachin Shah ("Plaintiff") states as follows:

## GENERAL DENIAL

    Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Mr. Levy generally denies the allegations of the Complaint, and the whole thereof, and every cause of action alleged therein; except Mr. Levy denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of others.  Mr. Levy further expressly denies that as a direct or proximate result of any acts or omissions on the part of Mr. Levy, Plaintiff sustained or suffered injury or damage in the amount alleged in the Complaint, or in any amount at all, or that Plaintiff has suffered injury or damage for any reason in the sums alleged in the Complaint, or in any other sum or sums, or at all.

## FIRST AFFIRMATIVE DEFENSES
### (Lack of Subject Matter Jurisdiction)

The Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) because the Court lacks subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 (a)(1), since at the time of the filing of the Complaint, Plaintiff and defendant, Justin Lumiere (as stated in Mr. Lumiere's Answer to Paragraph 13), reside in the State of New Jersey, and therefore there is not complete diversity among the parties.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim For Relief)

The portions of the Complaint remaining after the Court's Decision and Order of December 3, 2013 should be dismissed for failure to state a claim for relief.  In addition, the Complaint's First Cause of Action, to the extent it concerns allegedly defamatory statements made on May 1, 2012 or prior, no response is required, and none is provided, because the Court dismissed these claims as barred by the statute of limitations in the Decision and Order of December 3, 2013; and no response is required, and none is provided, to the Complaint's Third and Fourth Causes of Actions because the Court dismissed these causes of action in the Decision and Order of December 3, 2013.

## THIRD AFFIRMATIVE DEFENSE
### (Constitutionally Protected Speech)

The statements upon which Plaintiff's claims are based are not actionable under applicable law, including without limitation, the First Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The applicable statute of limitation has expired with respect to some or all of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Damages Not Recoverable)

Plaintiff's claims for damages are barred in whole or part because the alleged injury or damages are not cognizable at law.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent Plaintiff has sustained damages, which is expressly denied, he has failed to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Waiver and Unclean Hands)

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Qualified Privilege)

The statements upon which Plaintiff's claims are based are privileged and/or protected by immunities.

## NINTH AFFIRMATIVE DEFENSE
### (No Irreparable Injury)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**Reservation of Rights**

Mr. Levy reserves the right to amend this Answer by asserting additional defenses which future investigation or discovery may reveal to be appropriate. Furthermore, Mr. Levy does not waive, and expressly reserves any and all rights Mr. Levy may have under the Fifth Amendment of the United States Constitution, or applicable law, against self-incrimination.

**Jury Demand**

Mr. Levy hereby demands a jury trial on all issues and matters.

**WHEREFORE,** Mr. Levy requests judgment dismissing the remainder of the Complaint in its entirety, together with expenses, costs, and attorneys' fees.

Dated: January 3, 2014

>BRAGAR EAGEL & SQUIRE, PC
>
>By: /s/ Lawrence P. Eagel
>    Lawrence P. Eagel (LE 4505)
>    Justin A. Kuehn (JK 5853)
>885 Third Avenue, Suite 3040
>New York, New York 10022
>Telephone: (212) 308-5858
>Facsimile: (212) 486-0462
>eagel@bespc.com
>
>*Attorneys for Lester L. Levy*