UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SACHIN SHAH,                                                :
                              Plaintiff,            :
                                                            :
          -against-                                       :
                                                            :
LESTER LEVY,                                                :
                              Defendant.           :
                                                            :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2017
```

13 Civ. 2975 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties filed motions in limine in anticipation of trial, which is scheduled to commence on April 24, 2017; it is hereby

      **ORDERED** that the parties' motions in limine are decided as follows.  All citations to Rules refer to the Federal Rules of Evidence:

1. Defendant's Motion in Limine No. 1, for permission to refer at trial to Judge Netburn's sanctions orders, is GRANTED IN PART.  Pursuant to Rule 608(b), "extrinsic evidence is not admissible [but Defendant] may, on cross-examination, allow" questioning about Plaintiff's false verified interrogatory responses, Judges Netburn's findings regarding the same and the imposition of sanctions.  Defendant may reference these matters only in his cross-examination of Plaintiff, not in his opening statement.  Such evidence is highly probative of credibility and is not unduly prejudicial under Rule 403.

2. Defendant's Motion in Limine No. 2, to (a) exclude evidence relating to the republication of the allegedly defamatory emails by persons other than Defendant without his knowledge or authorization, or (b) preclude Plaintiff from seeking defamation damages due to emails sent solely to Plaintiff, is GRANTED as unopposed.  However, as noted by Plaintiff, emails sent

by Defendant to Plaintiff are admissible at trial as admissions against interest under Rule 801(d)(2) (opposing party's statement).

3. Defendant's Motion in Limine No. 3, to exclude hearsay statements contained in Plaintiff's opposition to Defendant's motion for summary judgment that Plaintiff has indicated he will seek to introduce at trial, is GRANTED. Plaintiff has represented that he will introduce the statements only for the purpose of impeachment and not for the truth. Such impeachment shall be only in the form of cross-examination of the original declarant (i.e. Messrs. Cuttone, Bovitz and Katsingris). Plaintiff may not testify about the third-party statements made to him because the jury may be confused as to the proper purpose and use of such statements.

4. Defendant's Motion in Limine No. 4, to exclude evidence of his prior invocation of his Fifth Amendment privilege, is GRANTED as unopposed.

The Clerk of Court is directed to close the motions at Docket Nos. 253, 254, 255, 256.

Dated: March 30, 2017
     New York, New York

                                               LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE