**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

Lawrence P. Eagel
885 Third Avenue
Suite 3040
New York, NY 10022
Tel: (212) 308-5858
Fax: (212) 504-3260
eagel@bespc.com

April 13, 2017

**By ECF Filing**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/13/2017
```

Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Sachin Shah v. Lester L. Levy*, Case No. 13 Civ. 02975 (LGS)

Dear Judge Schofield:

We are co-counsel for defendant Lester L. Levy ("Defendant') in the above-referenced matter. We write to seek a ruling, prior to the start of trial on April 24, 2017, that certain statements plaintiff Sachin Shah ("Plaintiff") identified this week are not actionable as defamation.

On April 7, 2017, the Court ordered Plaintiff to identify in writing any statements he intends to claim are defamatory at trial. Accordingly, on April 10, 2017, Plaintiff provided defendant, for the first time, with a list of supposedly defamatory statements. (Tab 1)[1] As explained below, many of the statements listed by Plaintiff should be stricken because they are either not capable of a defamatory meaning, non-actionable opinion, or are statements made to law enforcement.[2]

## Not Capable of a Defamatory Meaning

For a statement to be defamatory it must "tend[] to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number in the community." *Levin v. McPhee*, 119 F.3d 189, 195 (2d Cir. 1997). The statements contained in Plaintiff's Exhibit 49 (Tab 2) are not capable of a defamatory meaning. Defendant merely forwards, without comment beyond "here are the finra emails," two messages where personnel at FINRA asked him to contact them to discuss their investigation of Plaintiff. The e-mails were not authored by Defendant, and thus cannot be defamatory.

---

[1] All documents and exhibits are referenced as Tabs to this letter and will be provided to the Court along with a hard copy of this letter. We have highlighted the allegedly defamatory statements identified by Plaintiff in the exhibits we have provided to the Court and counsel.

[2] By not raising in this letter, Defendant does not waive any defense he may have at trial, such as truth or hyperbole, which are issues for the jury.

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

Honorable Lorna G. Schofield, U.S.D.J.
April 13, 2017
Page 2

## Non-Actionable Opinion

As set forth in Defendant's pre-trial memorandum (Doc. No. 263 at II.B), expressions of opinion are not actionable as defamation. *See Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). The parties do not dispute that whether a statement is opinion or objective fact is a question of law for the Court. *See* Doc. No. 272 at p. 1. An assertion constitutes non-actionable opinion "[w]hen the defendant's statements, read in context, are readily understood as conjecture, hypothesis, or speculation." *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 460 (S.D.N.Y. 2012). Several of the statements identified by Plaintiff are either matters of Defendant's (i) general opinion and/or (ii) legal opinion, neither of which is actionable.

First, all of the following statements are non-actionable general opinions:

(i) Pl. Ex. 33 (Tab 3) - the line stating: "[w]hen are you going to listen that this guy is nothing but trouble and a liar and a snake;"
(ii) Pl. Ex. 47 (Tab 4) - the use of the term "routinely," and the remarks "I strongly suggest you contact those places again, as well as I'm sure he misled the circumstances regarding his departure from each place," and "[t]hat should tell you something;"
(iii) Pl. Ex. 50 (Tab 5) - Defendant's recommendation that, "[a]gain, his history of-termination from employment at all the institutions Credit Suisse, Capstone, Millenium, ICAP, Tullet, etc. etc. should be further vetted by your firm as well as his regulatory investigations;"
(iv) Pl. Ex. 62 (April 13 email) (Tab 6) - the statement that Plaintiff "is the biggest violator of rules;" and
(v) Pl. Ex. 64 (Tab 7) - the statement that Plaintiff "will just go around again and say he resigned voluntarily because of your group."

Second, statements in Plaintiff's Exhibits 31 (Tab 8), 32 (Tab 9), 47 (Tab 4), 48 (Tab 10), 57 (Tab 11), and 62 (Tab 6) that Plaintiff violated FINRA rules, securities laws, company rules, or engaged in illegal trading, are non-actionable legal opinions. The statements, read in context, can only be understood as "conjecture, hypothesis, or speculation" regarding defendant's belief about plaintiff's trading activity, and, thus, are not actionable. See *Biro*, 883 F. Supp. 2d at 460 (the expression "is protected 'however unreasonable the opinion or vituperous the expressing of it may be'") (citation omitted). The opinion, however, was not unreasonable, based on Defendant's interpretation of FINRA R. 2711(h)(1)(c) (Def. Ex. 40) (Tab 12), and Plaintiff's admissions that he does not disclose in interviews previous recommendations to clients when they could benefit from market reaction to his interviews. (Shah Dep. Tr. 245-65) (Tab 13)

## Statements to Law Enforcement

The statements contained in Plaintiff's Exhibit 32 (Tab 9), in addition to being non-actionable legal opinion, were made to law enforcement, and for that reason are not-actionable

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

Honorable Lorna G. Schofield, U.S.D.J.
April 13, 2017
Page 3

unless Plaintiff can show Defendant knew the statements were false. *See Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 344 (S.D.N.Y. 2000); *Toker v. Pollak*, 44 N.Y.2d 211, 221 (1978). There is no evidence that Defendant did not believe that what he was telling to the Massachusetts Attorney General's Office was not his honest opinion.

   The Court's ruling on these issues prior to trial will streamline the proceedings and avoid jury confusion.

                Respectfully submitted,

                Lawrence P. Eagel

cc: All counsel (by ECF [letter] and email [exhibits]).

**By April 14, 2017, Plaintiff shall file a response to this letter and the full list of allegedly defamatory statements previously provided to Defendant on April 10, 2017.**

**Dated: April 13, 2017
   New York, New York**

                 **LORNA G. SCHOFIELD
                UNITED STATES DISTRICT JUDGE**