UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SACHIN SHAH,
                              Plaintiff,

            -against-

LESTER LEVY,
                             Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/27/2017

13 Civ. 2975 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiff Sachin Shah brought claims against Defendant Lester Levy for tortious interference with contract and libel, which were tried before a jury from April 24 to 27, 2017.

    WHEREAS, the jury found in Plaintiff's favor on both claims and awarded Plaintiff a total of $161,000 in damages, including $81,000 in punitive damages.

    WHEREAS, after the verdict was reached, each party submitted requests that his costs be taxed to his opponent. Plaintiff, proceeding pro se after his trial counsel was discharged, seeks to recover $182,482.42, including $178,013.73 in attorneys' fees, because he was the prevailing party and alleges that Defendant harassed him and intentionally delayed this litigation. It is hereby

    **ORDERED** that Plaintiff's request for attorneys' fees is DENIED.

    "A court must construe a pro se litigant's submissions liberally and interpret such submissions 'to raise the strongest arguments that they suggest.'" *Hill v. United States*, Nos. 13 Civ. 1107, 11 Crim. 145, 2014 WL 104565, at *3 (S.D.N.Y. Jan. 7, 2014) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)). Plaintiff requests attorneys' fees in his Bill of Costs, but

attorneys' fees are not among recoverable costs. *See* 28 U.S.C. § 1920 (enumerating items recoverable as costs); Fed. R. Civ. P. 54(d)(1) (allowing a prevailing party to move for costs "other than attorney's fees"); Local Civil Rule 54.1(c)(7) ("Attorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court."). The Court therefore construes Plaintiff's request as a motion for attorneys' fees based on the alleged bad faith conduct of Defendant.

"While the 'American Rule' is that the prevailing party in federal court litigation generally cannot recover attorneys' fees, the court does have the power to award attorneys' fees to a successful litigant when his opponent has commenced *or conducted* an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (emphasis added); *accord Landmark Ventures, Inc. v. InSightec, Ltd.*, 63 F. Supp. 3d 343, 359 (S.D.N.Y. 2014), *aff'd,* 619 F. App'x 37 (2d Cir. 2015). Such an award amounts to a sanction for the bad faith conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

A court may not impose a sanction of attorneys' fees pursuant to its inherent power absent "clear evidence" that the challenged conduct is (1) "entirely without color," *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012), and (2) taken in "bad faith, *i.e.*, motivated by improper purposes such as harassment or delay," *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). The factual basis for an award under the bad faith exception "must exhibit a high degree of specificity." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 191 (2d Cir. 2000). "General characterizations of the nature of the losing party's behavior, unaccompanied by specific references to bad faith conduct, are not enough." *Id.* at 192.

An award of attorneys' fees also is limited to those attorneys' fees incurred because of

the bad faith conduct, or in other words, "the portion of [the moving party's] fees that he would not have paid but for the misconduct." *Goodyear Tire*, 137 S. Ct. at 1187. As the Supreme Court recently explain in *Goodyear Tire*, the reason for this limitation is that "such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. . . . [T]he fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* at 1186.

    Plaintiff has not shown what portion, if any, of his attorneys' fees he would not have paid but for the alleged misconduct by Defendant. In support of his motion, Plaintiff alleges that Defendant engaged in "repeated harassment, stalking, interception of communications, [and] violations of his and his family's civil rights," including "daily monitoring of [him and his] family's every move." Plaintiff has not shown how these alleged actions related to this litigation -- as opposed to the general, ongoing animosity between Plaintiff and Defendant -- let alone how they caused him to incur additional attorneys' fees in this litigation. Plaintiff also alleges that Defendant "intentionally den[ied] the wrongdoing, [and] intentionally delay[ed] the Trial." These general allegations are insufficient to support an award of attorneys' fees pursuant to the bad faith exception because they do not specify what was improper about the way Defendant pursued motion practice and presented a defense to Plaintiff's claims. That Defendant's dispositive motions were denied in substantial part and the jury ultimately found in Plaintiff's favor does not mean that Defendant's conduct was without color. *Cf. Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) ("[A] claim that fails as a matter of law is not necessarily lacking *any* basis at all.").

    In sum, Plaintiff has not carried his burden to show that an award of attorneys' fees

pursuant to the bad faith exception is warranted here.  In denying Plaintiff's request, the Court does not condone Defendant's alleged conduct but rather recognizes that the bad faith exception applies only when serious misconduct that relates to the litigation clearly appears on the record. *See Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 41 (2d Cir. 1995).

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff.

Dated: July 27, 2017
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**